UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE BROOKS,

                Plaintiff,

                                                    **Hon. Hugh B. Scott**

      v.                                                    05CV218A

                                                      **Report
and
Recommendation**

JO ANNE B. BARNHART, Commissioner of
Social Security,

                Defendant.
_____

Before the Court is defendant Commissioner's motion for judgment on the pleadings (Docket No. 8). Plaintiff did not cross-move.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, Jacqueline Brooks ("Brooks" or "plaintiff"), filed an application for disability insurance benefits on January 21, 2003. That application was denied initially and on reconsideration. The plaintiff appeared before Administrative Law Judge John Mulrooney II ("ALJ"), who considered the case de novo and concluded, in a written decision dated November 9, 2004, that the plaintiff was not disabled within the meaning of the Social Security

Act.  The ALJ's decision became the final decision of the Commissioner on February 18, 2005, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on March 29, 2005 (Docket No. 1).  The Commissioner moved for judgment on the pleadings (Docket No. 8) and that motion was scheduled for argument on December 9, 2005, but the parties submitted (without oral argument) on their respective papers.

## **FACTUAL BACKGROUND**[1]

Brooks was 44 years old when the ALJ rendered his decision in 2004.  Brooks had a tenth-grade education and previously worked as a hospital cleaner, cashier/checker, and a security guard (R. 13).  She claims disability for her back, migraine headaches, insomnia, depression, post-traumatic stress disorder, and personality disorder (R. 14).

## **MEDICAL AND VOCATIONAL EVIDENCE**

The ALJ found that plaintiff's impairments (singly or in combination) were not severe enough to meet the regulatory standards for musculoskeletal, neurological or mental impairments or disorders (R. 14).

Plaintiff had been under psychological care since September 2001 for a depressive disorder and personality disorder (R. 18, 264).  She has symptoms of depression, agoraphobia, racing thoughts, obsessive thoughts, impending doom, and harm to her children.  She also becomes anxious and claustrophobic in public (R. 18).  She has been prescribed medication and is in individual counseling (R. 18).

---

[1] References noted as "(R.__)" are to the certified record of the administrative proceedings.

The ALJ found that plaintiff had only mild restrictions on her daily activities and that she thus could perform simple, repetitive, routine tasks that required minimal contact with co-workers, supervisors or the general public (R. 19). Plaintiff established that she could not return to her past relevant work due to her impairments, shifting the burden of proof to the Commissioner that other jobs exist in the national and regional economy that she could perform (R. 19). A vocational expert testified upon a hypothetical similar to plaintiff's circumstances, and concluded that this hypothetical person could perform jobs of small products assembler or housekeeping cleaner, with jobs locally and nationally for both occupations (R. 20). The ALJ thus determined that plaintiff, as a younger worker with a residual functional capacity to perform some job in the national economy, was not disabled (R. 20).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

I.      Standard

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that her impairment prevents her from returning to her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing her past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."  See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).  The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. Washington, supra, 37 F.3d at 1442.

II.     Application

In the instant case, Brooks contends that the ALJ improperly disregarded the opinion of her treating psychiatrist, Dr. Konakanchi at Horizon Health Services.  She raises no objections to the ALJ's finding regarding her physical condition.  Dr. Konakanchi opined in a September 23, 2004, report that "given continued symptoms [and] limited capacity to deal with the public and increased stress it is my assessment that [plaintiff] is not able to engage in any work activity" (R.

264, 267; see also Docket No. 9, Comm'r Memo. at 11).  The ALJ, however, gave that opinion minimal weight and found that this statement in the record (like some others) were conclusory in nature and did not contain clinical or specific functional restrictions to support the conclusions (R. 19).  He specifically held that the psychiatrist's opinion was inconsistent with the doctor's specific functional assessment of plaintiff, which found that she had a fair ability to behave in an emotionally stable manner, could relate to clients and deal with the public (R. 18, 261, 262).  The ALJ also found that the doctor's opinion was not consistent with the treatment record or the evaluation of the consultative psychologist (R. 18) as well as plaintiff's extensive daily activities (R. 18).

      Plaintiff argues that there is no internal inconsistency between Dr. Konakanchi's opinion and his functional assessments since the ranges in the latter when compared with the Commissioner's definitions for "moderate," "marked," and "extreme" on the Commissioner's Medical Source Statement of Ability to Do Work-Related Activities (Mental) ("Medical Source Statement," form HA-1152, effective April 2000) were the same.  Plaintiff equates the doctor's "fair" notation on the form B-4217 (effective April 1994) that he completed with the Commissioner's "marked" designation in the Medical Source Statement (Docket No. 10, Pl. Memo. at 5-6, Ex. A).  "Fair" in the doctor's assessment is defined as "ability to function in this area is seriously limited, but not precluded" (R. 261), while "marked" is defined in the Commissioner's Medical Source Statement as "there is serious limitation in this area.  The ability to function is severely limited but not precluded." (Docket No. 10, Pl. Memo. Ex. A.)  It is not clear that Dr. Konakanchi used the newer form from which plaintiff now argues.

6

The Commissioner counters that the ALJ properly assessed Dr. Konakanchi's functional assessment and his opinion and found that they were inconsistent (Docket No. 11, Comm'r Reply Memo. at 2-3). The ALJ, in fact, credited Dr. Konakanchi's finding that plaintiff could not work with the public by incorporating them into her residual functional capacity (id. at 4; R. 19).

Plaintiff also contends that Dr. Konakanchi's opinion did not conflict with another treating psychiatrist's, Dr. Augustine Digi's, opinion (Docket No. 10, Pl. Memo. at 8-10). The Commissioner argues that Dr. Digi was reporting on a time period before the relevant period at issue here, after January 21, 2003, when the benefits application was submitted (Docket No. 11, Comm'r Reply Memo. at 4). Dr. Digi's treatment notes differed from his opinion reported on the forms (id. at 5).

Plaintiff also argues that Dr. Konakanchi's opinion did not conflict with the findings of consultative psychologist, Dr. Charles Pierson (Docket No. 10, Pl. Memo. at 10-14). Dr. Pierson found that plaintiff could perform simple tasks but would have a mild difficulty maintaining attention and concentration for some jobs. He noted that plaintiff had moderate difficulty learning new tasks and performing complex tasks independently. (R. 191; Docket No. 9, Comm'r Memo. at 17).

The Commissioner notes that the ALJ relied upon the findings of Dr. Pierson, as well as state agency doctors Dr. Rahman and Dr. Burnett, who concluded that plaintiff could perform simple, rote tasks (see Docket No. 9, Comm'r Memo. at 16-17, 19), and relied upon plaintiff's treatment notes, to conclude that she could perform some simple tasks to conclude that she was not disabled. Plaintiff distinguishes the findings of Drs. Rahman and Burnett from those of Dr. Pierson and her treating psychiatrist, Dr. Konakanchi, because Drs. Rahman and Burnett

7

were not mental health professionals or based their conclusions on a limited review of plaintiff's prior medical record (see Docket No. 10, Pl. Memo. at 10, 12-13).

Under the Social Security regulations, the treating physician's opinion on the issues of the nature and severity of an impairment is to be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. § 416.927(d); SSR 96-2p.  That opinion need not be given such controlling weight if it is contradicted by other parts of the medical record.  Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).  (Docket No. 9, Comm'r Memo. at 20.)

While not finding plaintiff to be disabled, the ALJ considered her full medical record and defined her residual functional capacity within the limits indicated by her medical record, recognizing that plaintiff could engage in repetitive tasks but with minimal contact with supervisors, coworkers or the general public.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **affirmed**, and defendant Commissioner's motion for judgment on the pleadings (Docket No. 8) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation <u>must</u> be filed with the Clerk of this Court <u>within ten (10) days</u> after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

                                                                        /s/ Hugh B. Scott
                                                                       Hon. Hugh B. Scott
                                                              United States Magistrate Judge

Buffalo, New York
January 10, 2006